Eastern District of Kentucky
F I L E D
MAY 16 2005
AT LONDON
LESLIE G. WHITMER
CLERK U.S. DISTRICT COURT

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
LONDON DIVISION
CIVIL ACTION NO. 03-527

DONALD E. BROWN, M.D.     PLAINTIFF

V.

AMERICAN PHYSICIANS ASSURANCE CORPORATION     DEFENDANT

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

### MEMORANDUM ORDER

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

This matter is before the undersigned pursuant to the Order entered on March 24, 2005. Defendant, American Physicians Assurance Corporation (APAC), filed a Brief on the Production of Certain Documents, Docket Entry No. 28, on April 5, 2005. The Court, having reviewed the entire record, Defendant's Brief, referred to above, Plaintiff's Response to Defendant's Brief, Docket Entry No. 29, and Defendant's Reply to Plaintiff's Response, Docket Entry No. 30, and being otherwise sufficiently advised, hereby orders the production of the documents requested by APAC and further orders that Attorney John Prather, Jr. be allowed to testify fully in this matter.

### I.     FACTUAL BACKGROUND

The Plaintiff, Donald Brown, M.D. (Dr. Brown) complains that the predecessor of the Defendant, APAC, settled a medical malpractice case, Jerold Scott Waddle, et al. v. Donald Brown, M.D., et al. (Waddle v. Brown), in violation of the consent clause in his insurance policy with APAC and that he has incurred damages as a result of the settlement.

The settlement was actually an agreed voluntary dismissal of Dr. Brown, obtained in the underlying Waddle v. Brown litigation by Attorney John Prather, Jr. (Mr. Prather). APAC subsequently paid $9,900.00 to Waddle's lawyer as reimbursement of the lawyer's litigation expenses. Due to the relevance of Mr. Prather's litigation file from the Waddle v. Brown case to the claims and defenses of the present case, Defendant APAC has sought the production of that file and the testimony of Mr. Prather. Dr. Brown has refused to permit anything other than limited discovery of Mr. Prather's file based on claims of attorney-client privilege and work product protection. For the reasons stated below, it is clear that neither Mr. Prather's litigation file, nor his testimony, are privileged or protected by the work product doctrine.

## II.  ANALYSIS

Because federal jurisdiction in this case is based upon diversity of citizenship and because the Plaintiff's claims are based on state law, Fed. R. Evid. 501 provides that the issue of attorney-client privilege is determined by state law. Ky. R. Evid. 503(d)(5) codifies a common-law rule that denies protection for communications among "joint clients" (i.e., persons obtaining legal services from a lawyer on matters of common interest) and their lawyer, in a subsequent controversy between them. *Bishop v. Peoples Bank & Trust Co.*, Ky., 291 S.W.2d 718 (1927). It applies to communications relevant to the "matters of common interest" and defeats any privilege claim in subsequent litigation that is solely between or among the joint clients (or persons with the common interest), leaving the privilege intact for litigation between any of the joint clients and third persons. The exception to the attorney-client privilege is based on the notion that persons who join

2

together to obtain the services of a lawyer do not expect communications within the relationship to be confidential as between themselves.

This Court finds that APAC and Dr. Brown were "duel clients" of Mr. Prather on a matter of common interest (i.e., defeating Waddle's claims) or, that in the absence of a pure duel attorney-client relationship, the "common interest" doctrine applies to the relationship between APAC, Dr. Brown, and Mr. Prather. Both APAC and Dr. Brown consulted with Mr. Prather during the pendency of the Waddle litigation and Mr. Prather gave legal advice to both Dr. Brown and APAC on the matter of their common interest. Dr. Brown has now sued APAC concerning the termination of that case. While no Kentucky appellate court has ruled directly on whether the attorney-client privilege bars the discovery of an insured's underlying litigation file by the insurer in a subsequent action between the insured and the insurer over the handling of the case, it is clear that the emerging trend, and the better rule of law, is to allow for such discovery and to narrow the application of the privilege in such cases. See *EDO Corporation v. Newark Ins. Co.*, 145 F.R.D. 18, 22 (D.Conn. 1992). Since the "common interest doctrine" has been codified in the language of Ky. R. Evid. 503, clearly the "common interest doctrine" is a valid exception to the attorney-client privilege under Kentucky law. Therefore, the exemption set forth in Ky. R. Evid. 503(d)(5) applies, and Dr. Brown cannot assert the attorney/client privilege, to Mr. Prather's file in the underlying case, in this case.

Mr. Prather's litigation file is also not protected in this case by the work product rule. Fed. R. Civ. P. 26(b)(3) provides protection against discovery for documents that are prepared "in anticipation of litigation." It should also be noted that the "common interest" doctrine discussed above applies with equal force to claims of work product. *EDO*

3

*Corporation v. Newark Ins. Co.*, 145 F.R.D. at 23. The documents sought by APAC were not prepared in anticipation of a lawsuit between Dr. Brown and APAC. They were generated in anticipation of minimizing liability in the Waddle v. Brown case, an interest common to both APAC and Dr. Brown, and at a time in which Dr. Brown and APAC shared a 100% alignment of interests. Therefore, not only were the documents prepared when there was a common interest between APAC and Dr. Brown, but they also were not prepared in anticipation of the present litigation as required under Fed. R. Civ. P. 26(b)(3). Thus, the work product rule does not bar the discovery of Mr. Prather's litigation file from the underlying Waddle v. Brown litigation.

In conclusion, Mr. Prather's litigation file and testimony are neither privileged nor protected by the work product rule.

**IT IS THEREFORE ORDERED** that Mr. Prather's entire litigation file in the Waddle v. Brown case be produced to Defendant APAC and that Mr. Prather may testify completely about all matters concerning the Waddle v. Brown claims and his representation of Dr. Brown in that case.

Dated this 16th day of May, 2005



Signed By:
J. B. Johnson, Jr.
United States Magistrate Judge