UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
LONDON

CIVIL ACTION NO. 03-527

DONALD E. BROWN, M.D.                                                                                    PLAINTIFF

v.                                        **OPINION & ORDER**

AMERICAN PHYSICIANS
ASSURANCE CORPORATION,                                                                          DEFENDANT

\* \* \* \* \* \* \* \* \*

The Defendant, American Physicians Assurance Corporation, ("APAC") has filed a Motion to Reconsider (Rec. No. 56) this Court's February 17, 2006, Order denying its Motion to Compel production of the litigation file prepared on behalf of Plaintiff, Donald E. Brown. The litigation file was prepared by Attorney John Prather while defending a medical malpractice suit filed against Plaintiff, Donald E. Brown. As Brown's insurer, APAC claims that the contents of Prather's file are discoverable and not subject to the attorney-client privilege. Although it is called a Motion to Reconsider, APAC raises a novel argument that Brown waived the attorney-client privilege. For the reasons discussed below, the Court DENIES the Motion to Reconsider.

This case comes before the Court based on diversity jurisdiction, therefore, Kentucky state law will govern the attorney-client privilege doctrine. FED. R. EVID. 501 and *In re Perrigo Company*, 128 F.3d 430 (6th Cir. 1997).

Defendant, APAC, argues that the attorney-client privilege is waived because the Plaintiff, Brown, instituted an action in which the communications between Brown and Prather are at issue. The Supreme Court of Kentucky has addressed the "at-issue" exception, which

provides that, "when the activities of counsel are inquired into because they are at issue in the action before the court, there is a cause for production of documents that deal with such activities, though they are *work product*." *Morrow v. Brown, Todd & Heyburn*, 957 S.W.2d 722, 724 (Ky. 1997) (emphasis added) (quoting *Handgards, Inc. v. Johnson & Johnson*, 413 F.Supp 926,932 (N.D.Cal. 1976). However, in *Morrow*, the attorney-client privilege was waived by the party who was the plaintiff in the underlying litigation. *Id*. at 722. Therefore, the Court in *Morrow* did not address the applicability of the "at-issue" exception in the context of the attorney-client privilege. *Id*.

Kentucky recognizes a compelling difference between the attorney-client privilege and the work product doctrine:

> The attorney-client privilege and the work-product doctrine are different, differing in what each covers, when and how applied, and whether protected communications are absolutely protected as in the former but not in the latter. In fact CR 26, which codifies the work-product doctrine, specifically exempts communications protected by the attorney-client privilege from its disclosure provisions. In short, attorney-client privileged communications do not fall within the ambit of CR 26, and are not discoverable even when the information is essential to the underlying case and cannot be obtained from another source. *The St. Luke Hospitals, Inc. V. Kopowski*, 160 S.W.3d 771, 777 (Ky. 2005).

This Court declines to extend the "at issue" exception to the case at hand because the attorney-client privilege has not been waived. Moreover, a review of Kentucky case law suggests that the "at issue" exception will be applied only in the context of the work product doctrine. *Morrow*, 957 S.W.2d 722 (Note that the decisions cited in *Morrow* are cases in which the attorney-client privilege had been waived or was otherwise inapplicable).

Defendant, APAC, asserts the "cooperation clause" in the insurance agreement operated as a waiver of the privilege. A cooperation clause is a standard clause in many insurance contracts that requires the insured to cooperate with the insurer so that the insurer may properly

defend a claim against the insured. *Allen v. Canal Insurance Co.*, 433 S.W.2d 352 (Ky. Ct. App. 1976). Kentucky law does not speak directly to the issue of whether a standard cooperation clause waives the attorney-client privilege, however, other jurisdictions have stated that such a standard clause will never operate as a broad blanket waiver of the attorney-client privilege. *Eastern Air Lines, Inc. V. U.S. Aviation Underwriters, Inc*., 716 So.2d 340 (Fla. Dist. Ct. App. 1998) and *Pittston Company v. Allianz Insurance Co.*, 143 F.R.D. 66 (D. N. J. 1992). Likewise, this Court concludes that absent language specifically addressing the issue, the "cooperation clause" does not operate as a waiver of Brown's attorney-client privilege.

Therefore, the Court DENIES the Motion for Reconsideration (Rec. No. 56). The Court's Order of February 17, 2006 is thus AFFIRMED (Rec. No. 51).

Dated this 4th day of October, 2006.

Signed By:

*Karen K. Caldwell*

United States District Judge